Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2365 | **DATE** | 6/21/2004 |
| **CASE TITLE** | Cedric Nelson vs. Doe | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, plaintiff's petition to proceed in forma pauperis is granted. Based on the reasons stated in the Court's memorandum opinion dated 06/21/04, this matter is hereby dismissed. All pending dates and motions are hereby stricken as moot. The Clerk of Court is directed to mail a copy of this order to the Trust Fund Officer at the plaintiff's current place of incarceration. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 22 2004 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mw | courtroom deputy's initials | 2004 JUN 22 AM 9:05 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CEDRIC M. NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 2365 |
| ) | |
| JANE DOE, etc., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION



SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Cedric M. Nelson's ("Nelson") petition to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Nelson is currently incarcerated in the Cook County Jail and has submitted a certificate showing a balance of $0.19 in his prison account with an average monthly deposit of $10.00 for the six months immediately preceding his complaint. Therefore, we grant the petition to proceed *in forma pauperis*.

Nevertheless, a prisoner who files a civil action *in forma pauperis* is still required to pay the full filing fee as directed by 28 U.S.C. § 1915(b). The custodian of Nelson's trust account at Cook County Jail is ordered to collect "when funds exist . . ., as a partial payment of any court fees required by law, an initial partial filing fee

1

of 20 percent of the greater of . . . the average monthly deposits to the prisoner's account; or . . . the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b). Once the initial partial payment is made Nelson "shall be required to make monthly payments of 20 percent of the preceding month's income credited to [Nelson's] account. . . [and] [t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10" until the full $150 filing fee is paid. *Id.* The custodian of Nelson's account is cautioned that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action. . . ." *Id.*

Pursuant to 28 U.S.C. § 1915, the court is required to dismiss a case "at any time if the court determines that . . . the allegation of poverty is untrue; or . . . the action or appeal[:] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Nelson alleges in his complaint violations of 42 U.S.C. § 1983 ("Section 1983"). Nelson brings claims against an unnamed Illinois State's Attorney and two public defenders in his pending criminal case. The complaint alleges a conspiracy between the prosecutor, public defenders, and police to "frame" Nelson in his criminal case, premised primarily upon a delay in the production of the victim's

2

medical report. Nelson also liberally intersperses his *pro se* complaint with various allegations of "malicious prosecution" and violations of his Fifth and Sixth Amendment rights in the pending criminal case.

Notwithstanding Nelson's reference to his treatment by the police when arrested, which was the subject of a separate civil suit (01 C 8371) dismissed on March 30, 2004 this complaint is not a wrongful arrest or conditions of confinement claim. Instead, Nelson directly attacks the basis for his confinement by alleging a conspiracy and then attempts to recover monetary damages from the prosecutor and public defenders in his criminal case. As such, his complaint is precisely the type of civil "collateral attack" on a criminal action that is no permitted. *See Heck v. Humphrey*, 512 U.S. 477, 477, 484 (1994)(stating that "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). If a prisoner that has not been convicted and is "facing prosecution seeks damages using § 1983 for an alleged violation of his civil rights, a district court must first determine whether 'a judgment in favor of the plaintiff would necessarily imply the invalidity' of the plaintiff's actual or potential conviction . . . [and] [i]f it would, then the suit is barred and the complaint must be dismissed." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004). Nelson's claim against the named defendants is that they have conspired to frame him in his criminal proceedings that are ongoing. Clearly a judgment in his favor in this suit would imply that an ultimate conviction in state court was invalid

because of the alleged conspiracy. Therefore, we dismiss this action.

We note that, in addition, Nelson's complaint also fails to state a claim against the public defender defendants under Section 1983. An individual is liable under Section 1983 if, while acting under color of state law, he or she deprives the plaintiff of a right under the United States Constitution. *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1438 (7th Cir. 1994). Public defenders, however, do not act under color of state law while engaged in their role as counsel to the defendant and thus are not subject to Section 1983 for their traditional representative duties. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Nelson's complaint does not disclose any incidents where either of the public defenders, who are defendants, apparently acted outside of their role as his counsel. Thus, none of the public defenders' actions were under color of state law and they are not subject to suit under Section 1983 for those actions.

In addition, Nelson fails to state a Section 1983 claim against the prosecutor if his pending criminal case fails. Prosecutors enjoy absolute immunity from § 1983 claims that arise from their initiating and prosecuting the state's case against a defendant. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992)(stating that " prosecutors have been granted absolute immunity for their conduct in probable cause hearings, . . . for their conduct before grand juries, and for the knowing use of false testimony and the deliberate suppression of exculpatory evidence at trial,[but that] [a] state prosecutor performing investigative or administrative functions, in contrast,

may only assert a qualified immunity."). While immunity is an affirmative defense, and thus would not ordinarily arise unless raised by the defendant, 28 U.S.C. § 1915(e)(2)(B) dismissals permit the court to consider an affirmative defense when it is plain on the face of the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Because the prosecutor's immunity defense is obviously implicated by this complaint, and Nelson's Section 1983 claim against the unnamed prosecutor is solely in regards to the prosecutor's actions in court, dismissal is appropriate. Nelson alleges no facts that would indicate that the absolute immunity defense would not be a bar to a Section 1983 claim. Therefore, we dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Nelson must still pay the full filing fee in this case as indicated above. *See e.g. Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997)(stating that "a prisoner must pay in full even if the court denies leave to proceed *in forma pauperis* and dismisses the appeal as frivolous.").

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 21, 2004

5